UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID KRAL,

                Petitioner,

v.                                          Case Number 06-14513-BC
                                                 Honorable Thomas L. Ludington

WARDEN EICHENLAUB,

                Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

On October 16, 2006, the petitioner, David Kral, presently confined at the Federal Correctional Institution in Milan, Michigan (FCI-Milan), filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241, as well as two subsequent motions for equitable estoppel and injunctive relief. On May 3, 2007, the Court issued an order and judgment denying his petition for a writ of habeas corpus. In its order, the Court addressed the petitioner's challenges to his expulsion from FCI-Milan's Residential Drug Abuse Program (RDAP) on each of the following grounds: an alleged denial of his First Amendment rights, an alleged denial of his Fifth Amendment right to due process, and an alleged denial of equal protection under the Fourteenth Amendment.

On June 4, 2007, the petitioner filed a motion under Federal Rule of Civil Procedure 60(b)(1) for relief from judgment for mistake, inadvertence, surprise, or excusable neglect. In his motion, the petitioner contends that the Court mistakenly based its decision on analysis under the Sixth Amendment, rather than under the First Amendment claim, based on the petitioner's claims. The petitioner also objects to the timeliness of the Court's disposition of his petition, contending that the intervening months prevented him from re-entering the RDAP, which could result in a reduction of

his sentence. Additionally, the petitioner expresses his concern that the administrative remedy process is "obviously futile."

The petitioner correctly cites *Okoro v. Hemingway*, 481 F.3d 873 (6th Cir. 2007) and *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) for the proposition that a mistake based on legal error falls within Federal Rule of Civil Procedure 60(b)(1). Indeed, in *Okoro*, the Sixth Circuit explained how a recent Supreme Court ruling corrected an interpretation of law previously applied in this circuit and, thus, required the reversal of a district court decision that relied on the erroneous interpretation of law.

Here, the petitioner is correct that the Court's order considered whether any right of access to the courts was violated. Given the wide latitude accorded to and less stringent standards applied to *pro se* litigants, *see e.g., Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the Court sought to construe his arguments as broadly as possible in his favor and, thus, entertained that possible basis for his petition, *as well as* his right to privacy in his mailings. The consideration of more than one theory, when it appears to the Court that a petitioner has advanced that theory, does not alter the fact that the Court did, in fact, address his First Amendment claim. Consequently, the petitioner's assertion that the Court failed to address his argument does not show that legal error occurred.

Similarly, his assertion that the Court considered his petition in an untimely manner does not suffice for relief from judgment under Rule 60(b)(1). The petitioner filed his petition on October 16, 2006, and the respondent filed his dispositive motion on January 11, 2007, which the Court resolved on May 3, 2007. Regardless of the time span between the filing and the denial of his petition for a writ of habeas corpus, the petitioner has not shown in the instant motion that the timing of the order and judgment constituted a defect of mistake, inadvertence, surprise, or excusable

neglect. Finally, the petitioner's objection to the efficacy of the administrative review process also do not show a basis for relief under Rule 60(b)(1).

Accordingly, it is **ORDERED** that the petitioner's motion for relief from judgment [dkt #30] is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: June 14, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 14, 2007.

s/Tracy A. Jacobs  
TRACY A. JACOBS